**Joseph G. GROMALA, Plaintiff–Appellant,**

v.

**ROYAL & SUNALLIANCE, et al. Defendants–Appellees.**

**No. 02–1540.**

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

</div>

Bradley J. Schram, Robert P. Geller, Eva T. Cantarella, Hertz, Schram & Saretzky, Bloomfield Hills, MI, for Plaintiff–Appellant.

Mark A. Bush, Fraser, Trebilcock, Davis & Dunlap, Lansing, MI, for Defendant–Appellee.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

COOK, Circuit Judge.

Plaintiff, Joseph G. Gromala, appeals the grant of summary judgment on his Employee Retirement Income Security Act (ERISA) claim. Gromala participated in the pension plan offered by his employer. After the plan sponsor amended the plan terms, Gromala sued for breach of fiduciary duty. We affirm the district court's grant of summary judgment because amending the plan was in the nature of a settlor function and implicated no fiduciary duties.

## I. BACKGROUND

Gromala participated in defendant Royal Maccabees Life Insurance Company's pension benefits plan until Royal's parent company sold the division and terminated all of that division's employees, including Gromala. Some time after Gromala's termination, the parent company retroactively amended the plan to provide an enhanced benefit to a specified category of participants, including Gromala.

This amendment—Amendment 3—refined an earlier draft circulated to participants labeled as Amendment 2. The plan sponsor never adopted Amendment 2. Instead the plan sponsor adopted Amendment 3 at year-end 1999—retroactive to mid-year 1999—that entitled Gromala to a greater benefit than he would have received under the original plan, but less than he claims he would have received under unadopted draft Amendment 2.

Gromala sued his former employer, its successor, and executives of both (defendants) to recover the benefits set forth in unadopted Amendment 2 on the ground that his loss of those benefits amounted to a breach by defendants of their ERISA fiduciary duties. On cross-motions for summary judgment, the district court ruled in favor of defendants.

## II. ANALYSIS

We review de novo an appeal of a district court's grant of summary judgment. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### A. ERISA Requirements

ERISA does not require employers to establish employee benefit plans, nor does it mandate what kind of benefits an employer must offer if it chooses to offer a plan. *Lockheed Corp. v. Spink,* 517 U.S. 882, 887, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996). Once an employer does adopt a plan, however, ERISA enforces strict fiduciary standards of care in the administration of pension plans and promotion of the best interests of participants and beneficiaries. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Musto v. American General Corp.,* 861 F.2d 897, 911 (6th Cir.1988). A plan sponsor is only subject to fiduciary standards when managing a plan according to its terms, but not when it decides what those terms are to be. *Musto,* 861 F.2d at 911. "In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich,* 530 U.S. 211, 226, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). A person acts as a fiduciary with respect to a plan to the extent the person exercises any discretionary authority or discretion-ary control respecting management of the plan, its assets, or its administration. 29 U.S.C. § 1002(21)(A)(i) and (iii). "Plan sponsors altering the terms of a plan do not act as fiduciaries." *Spink,* 517 U.S. at 890. Employers and plan sponsors are generally free under ERISA to adopt, modify, or terminate plans, for any reason and at any time. *Id.* When employers or plan sponsors take these actions, they do not act as fiduciaries but are analogous to the settlors of a trust. *Id.* An employer's decision to amend a pension plan concerns the design of the plan itself and does not implicate its fiduciary duty. *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 444, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999) (citing *Shaw,* 463 U.S. at 91).

### B. Gromala's Claim

To prevail on his claim, Gromala must prove defendants acted as fiduciaries. He claims they did so when they distributed benefits in violation of the existing plan, reduced his accrued benefit, and improperly benefitted themselves through Amendment 3.

#### 1. Violation of existing plan

Gromala argues that defendants violated their fiduciary duty by distributing plan assets according to a plan amendment—Amendment 3—that did not exist at the time of the distribution. In other words, Gromala challenges defendants' retroactive plan amendment. In *Wulf v. Quantum Chemical Corp.,* 26 F.3d 1368, 1378 (6th Cir.1994), this court held a retroactive plan amendment to be proper when the plan expressly permitted retroactive amendment and the amendment did not reduce participants' benefits. As in *Wulf,* section 7.1(a) of defendants' plan permitted the employer to amend retroactively the terms of the plan: "[E]mployer shall have the right at any time to amend this

Plan.... Any such amendment shall become effective as provided therein upon its execution." Defendants acted as settlors—not fiduciaries—in properly adopting an amendment changing the structure of the plan but not reducing Gromala's benefits. *Jacobson*, 525 U.S. at 444; *Shaw*, 463 U.S. at 91.

### 2. Reduced accrued benefits

■ Gromala next argues that Amendment 3 reduced his accrued benefit, an action that would implicate a fiduciary duty. *Wulf*, 26 F.3d at 1378. Gromala, however, only deduces a reduction from the defendants' *failure to adopt the greater increase* proposed by the draft Amendment 2. There is no support–in the law or in the plan–for terming this a reduction. Gromala concedes defendants applied the provisions of Amendment 3 uniformly and made payments consistent with the terms of the amended plan. Gromala garnered a greater benefit by the amendment than he was eligible for under the unamended plan. Thus, defendants did not reduce his *accrued* benefit.

Gromala also looks to plan § 10.15—"[a]ll provisions of this plan shall be interpreted and applied in a uniform, nondiscriminatory manner"—to support his position. He argues plan assets were not distributed in a uniform, nondiscriminatory manner because some individuals received greater benefits than he received, and this result implicates a fiduciary duty. But § 10.15 speaks to the application and interpretation of plan provisions. Section 10.15 is one of sixteen miscellaneous provisions that set out interpretation aids regarding choice of law, gender, numbers, and headings. Section 10.15 also provides, beyond what Gromala quoted, that plan provisions control over conflicting language in contracts the plan purchased, demonstrating that this section is merely one to guide future participants and plan sponsors in the appropriate manner of interpreting the plan provisions.

The plan sponsor could properly amend its plan as it did. *Jacobson*, 525 U.S. at 445. A plan sponsor may treat a class of participants differently and "a court should be hesitant to substitute its judgment for that of the company," *Sutter v. BASF Corp.*, 964 F.2d 556, 562 (6th Cir.1992) (citation omitted). We may review the administration of a pension fund but "review of a plan's provisions for reasonableness is improper." *Id.* (citation omitted). Business decisions, such as this, are not governed by fiduciary standards. *Id.* "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits." *Shaw*, 463 U.S. at 91. There is no legal authority for Gromala's contention that all participants must receive the same benefit.

### 3. Improper transaction

Gromala argues that defendants amended the plan solely to benefit the company itself and certain key employees and that such a self-serving motive supports his breach-of-fiduciary duty claim. ERISA does not so restrict pension plans. In fact, pension plans generally provide immeasurable benefits to a company such as employee retention, and increased employee compensation without the usual corollary of increased wages. *Jacobson*, 525 U.S. at 445 (citing *Spink*, 517 U.S. at 893–94). No breach of fiduciary duty results therefrom.

### III. CONCLUSION

We affirm the grant of summary judgment in favor of defendants.